ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- ) | |
| ) | |
| Western Trading Company ) | ASBCA No. 61004 |
| ) | |
| Under Contract No. W5KA4N-11-P-0126 ) | |

APPEARANCE FOR THE APPELLANT:          Mr. Amanullah Tanha
                                       General Director

APPEARANCES FOR THE GOVERNMENT:        Raymond M. Saunders, Esq.
                                       Army Chief Trial Attorney
                                       CPT Jeremy D. Burkhart, JA
                                       Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE OSTERHOUT ON THE
GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

This is an appeal of a contracting officer's denial of a claim by Western Trading Company (Western Trading or appellant), alleging that it is owed $379,000.00 for delivery of vehicles to Camp Arena, Herat, Afghanistan, pursuant to Contract No. W5KA4N-11-P-0126 (the contract). The Herat Regional Contracting Office (government or Army) filed a motion to dismiss for lack of subject matter jurisdiction, arguing that the contract was terminated for cause on 19 March 2011 but Western Trading failed to appeal the termination decision within 90 days as required by the Contract Disputes Act (CDA) 41 U.S.C. §§ 7101-7109. Despite receiving correspondence on multiple occasions from the Board, Western Trading did not respond in any way to the government's challenge to our jurisdiction. We grant the motion.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On 5 February 2011, the Herat Regional Contracting Office executed Contract No. W5KA4N-11-P-0126 to Western Trading (R4, tab 1 at 1). The contract was issued in the amount of $290,000.00 for two armored 2011 Toyota Land Cruisers in new condition (*id.* at 4) and one armored 2011 Toyota Hilux Pick Up for $98,999.99 (*id.* at 5) for a total of $388,999.99.

2. The government required the vehicles by 28 February 2011 (R4, tab 1 at 5-6).

3. The contract incorporated by reference Federal Acquisition Regulation (FAR) 52.212-4, CONTRACT TERMS AND CONDITIONS–COMMERCIAL ITEMS (JUN 2010) (R4, tab 1 at 6). This clause states, in relevant part:

(d) *Disputes.* This contract is subject to the Contract Disputes Act of 1978, as amended (41 U.S.C. 601-613). Failure of the parties to this contract to reach agreement on any request for equitable adjustment, claim, appeal or action arising under or relating to this contract shall be a dispute to be resolved in accordance with the clause at FAR 52.233-1, Disputes, which is incorporated herein by reference. The Contractor shall proceed diligently with performance of this contract, pending final resolution of any dispute arising under the contract.

....

(m) *Termination for cause.* The Government may terminate this contract, or any part hereof, for cause in the event of any default by the Contractor, or if the Contractor fails to comply with any contract terms and conditions, or fails to provide the Government, upon request, with adequate assurances of future performance. In the event of termination for cause, the Government shall not be liable to the Contractor for any amount for supplies or services not accepted, and the Contractor shall be liable to the Government for any and all remedies provided by law. If it is determined that the Government improperly terminated this contract for default, such termination shall be deemed a termination for convenience.

4. FAR 52.233-1, DISPUTES, states in relevant part:

(f) The Contracting Officer's decision shall be final unless the Contractor appeals or files a suit as provided in [the CDA].

5. The contracting officer (CO) and the Western Trading representative, Mr. Amanullah Tanha, communicated via email (R4, tabs 2, 3, 9, 12).

6. When the CO sent the contract to Mr. Tanha, he documented via email, "As we discussed earlier, it is important you have the vehicles delivered by the 28th of February" (R4, tab 2 at 1).

7. Also on 5 February 2011, Mr. Tanha informed the government, via email, that he would be able to deliver the vehicles before 28 February 2011 but that he would need a letter from the U.S. Military to give to Afghan customs to clear the vehicles. A cure

notice was issued on 3 March 2011, giving Western Trading two days to cure the non-delivery of the vehicles under the contract. Appellant failed to respond. (R4, tab 3)

8. On 7 March 2011, the CO sent Western Trading a show cause notice regarding why the contract should not be terminated for cause. The show cause notice contained details of what transpired:

> On 5 February 2011 you were awarded and accepted the subject contract for the delivery of 2 each, B7 armored Sports Utility Vehicles and 1 each, B6 armored pickup truck with a required delivery date of not later than 28 February 2011. Following a phone call the same day, you confirmed by email that you could provide the vehicles by the required delivery date. On 18 February you were emailed by the customer, MAJ Jenkins and replied with a confirmation you can provide the vehicles by the required delivery date. On 25 February, you stated the vehicles were at customs in Kabul and awaiting escorts, but guaranteed delivery by 28 February. On 27 February, your company stated the vehicles cleared customs and scheduled a delivery time of 1400 local hours on 28 February. No delivery was made on 28 February 2011 and your company could not verify the whereabouts of these vehicles. On 1 March 2011, I asked for written assurance (i.e., commercial invoice from supplier, VIN numbers for vehicles, bill of lading) that you have the vehicles in possession and will still deliver the vehicles. Your company has failed to provide any such documentation.

The CO required an answer within 48 hours after receipt of the notice. (R4, tabs 4-5) Appellant again failed to respond. Based on the record, we find that the vehicles were never delivered to the government.

9. On 19 March 2011, after not receiving any answers, the CO terminated the contract for cause via email with Modification No. P00001. The termination modification included standard final decision language and instructions for appeal, including that Western Trading "must, within 90 days from the date you receive this decision, mail or otherwise furnish written notice to the agency board of contract appeals and provide a copy to the CO from whose decision this appeal is taken." (R4, tab 6; *see also* R4, tabs 8-9)

10. On 31 October 2015, over four years after the termination for cause, Western Trading filed a notice of appeal with the Board. It was docketed as ASBCA No. 60860. On 3 November 2016, the Board requested that appellant provide a copy of the claim it

3

had submitted to the CO prior to filing the appeal. Western Trading indicated it desired to submit its claim to the CO and the government provided the CO's contact information. On 4 November 2016, the Board issued an order stating it intended to dismiss the appeal absent any objection from either party.

11. By letter dated 5 November 2016, over five years after the termination for cause and as the contract was being closed-out, Western Trading submitted a certified claim to the closeout CO for $379,000 for the purchase and transportation of armored vehicles to Camp Arena, Herat, Afghanistan. Western Trading included the contract, several emails, and the termination modification with its claim. (R4, tab 12 at 1, 63-65) We find that, as Western Trading never delivered the vehicles under the contract (SOF ¶ 8), this claim was a *de facto* challenge to the 19 March 2011 termination for cause.

12. On 10 January 2017, the CO denied Western Trading's claim because Western Trading failed to deliver the vehicles prior to the date required in the contract and the termination for cause. The CO also noted that Western Trading failed to deliver any written documentation requested by the CO to demonstrate the vehicles were in the country. (R4, tab 16) We further find that the CO did not act in a manner that signaled that the underlying termination for cause was being reconsidered.

13. On 19 January 2017, Western Trading appealed the CO's final decision. The appeal was docketed as ASBCA No. 61004. (R4, tab 18)

14. On 20 January 2017, Western Trading submitted a second notice of appeal that the Board later ruled was from the same CO's final decision. This appeal was docketed as ASBCA No. 61015. (R4, tab 19) *See Western Trading Co.*, ASBCA No. 61015, 2017 WL 1277018. On 30 January 2017, the Board, having received no objection and after learning that Western Trading had submitted a claim to the CO dated 5 November 2016 which was appealed and docketed as ASBCA Nos. 61004 and 61015, dismissed ASBCA No. 60860 without prejudice. The order of dismissal specifically allowed ASBCA Nos. 61004 and 61015 to continue. *Western Trading Co.*, ASBCA No. 60860, 2017 WL 629050.

15. On 21 March 2017, the Board administratively dismissed ASBCA No. 61015 because it was a duplicate of ASBCA No. 61004. *See Western Trading*, 2017 WL 1277018.

16. On 20 September 2017, the government filed a motion to dismiss for lack of jurisdiction contending appellant's claim is "[b]ased on the same set of facts, circumstances, and actions preceding the termination for cause and is inextricably bound up with the propriety of the CO's decision to terminate for cause." Further, as the government contended Western Trading failed to appeal the termination for cause within 90 days of the CO's final decision on 19 March 2011, the appeal should be dismissed. (Gov't mot. at 12-14)

4

17. On 28 September 2017, the Board allowed Western Trading 30 days from the date of the Order to respond to the government's motion. The Board also stayed the remaining portion of the appeal.

18. On 1 November 2017, having not received any correspondence from Western Trading, the Board allowed Western Trading until 15 November 2017 to respond to the government's motion and informed appellant that if it did not respond, the Board would decide the case based on the record at hand. As of the date of this decision, the Board still has not received any correspondence from Western Trading regarding the government's motion.

## DISCUSSION

We do not possess jurisdiction to consider this appeal because the underlying claim is a *de facto* challenge to the 19 March 2011 termination for cause (SOF ¶ 11) and Western Trading appealed the CO's final decision to terminate the contract for cause more than 90 days after receipt of the final decision to terminate the contract.

The Board "has jurisdiction to decide any appeal from a final decision of a contracting officer, pursuant to the Contract Disputes Act, 41 U.S.C. [§§] 7101-7109, or its Charter, 48 CFR Chap. 2, App. A, Pt., 1, relative to a contract made by the Department of Defense, the Department of the Army, the Department of the Navy, the Department of the Air Force, the National Aeronautics and Space Administration or any other department or agency, as permitted by law." ASBCA Rules, Preface. "Appellant, as the proponent of the Board's jurisdiction, bears the burden of establishing jurisdiction by a preponderance of the evidence." *CCIE & Co.*, ASBCA Nos. 58355, 59008, 14-1 BCA ¶ 35,700 at 174,816 (citations omitted).

In order for the Board to possess jurisdiction, a contractor must appeal within 90 days from the date of receipt of a CO's final decision. 41 U.S.C. § 7104(a). "In the case of a termination for cause, such as the one presented here, receipt of notification of the CO's decision to terminate for cause begins the 90-day clock." *Bushra Co.,* ASBCA No. 59918, 16-1 BCA ¶ 36,355 at 177,238.

Here, it is undisputed that the government notified Western Trading of the termination for cause via a notification letter and modification to the contract on 19 March 2011 but Western Trading failed to appeal the decision until over four years later; well beyond the 90-day time period allowed. The termination for cause modification clearly contained language demonstrating that this was a CO's final decision and the contractor's appeal rights, including that any appeal must be made to the Board within 90 days. (SOF ¶ 9) The latest date we would have possessed jurisdiction at the Board was 17 June 2011, well before the first time appellant filed an appeal with us on 31 October 2015 (SOF ¶ 10).

5

While Western Trading's subsequent monetary claim to the closeout CO did not specifically state that it was appealing or requesting reconsideration of the termination for cause, there can be no other reasonable interpretation. However, the CO's decision to deny the claim based on the same operative facts as the initial termination for cause did not equate to a reconsideration of the termination decision (SOF ¶ 12), and thus, did not act as a stay to the running of the appeal period. The CO's decision is superfluous and has no effect upon our jurisdiction here. *Bushra*, 16-1 BCA ¶ 36,355 at 177,239. The subsequent issuance of a CO's final decision on Western Trading's monetary claim does not diminish the finality of the 19 March 2011 CO's final decision terminating the contract for cause.

In order for the Board to decide whether Western Trading is entitled to any recovery under its claim, it would require us to review the propriety of the 19 March 2011 termination for cause, which was appealed to the Board well beyond the 90-day time period. Moreover, the record shows that Western Trading, who did not respond to the government's motion, does not claim that the subsequent CO's final decision somehow affected the timeliness of the appeal. Finally, because we found that the CO did not reconsider the earlier termination for cause (SOF ¶ 12), "it is well settled that communications after conclusion of the appeal period 'perforce could not have had any effect' on the view of the finality of the termination decision during the appeal period." *Bushra*, 16-1 BCA ¶ 36,355 at 177,239 (citing *Shafi Nasimi Constr. & Logistics Co.*, ASBCA No. 59916, 16-1 BCA ¶ 36,215 at 176,698). Thus, we conclude that Western Trading did not file a timely notice of appeal.

## CONCLUSION

The appeal is dismissed.

Dated: 12 April 2018

HEIDI L. OSTERHOUT
Administrative Judge
Armed Services Board
of Contract Appeals

I <u>concur</u>

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I <u>concur</u>

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

6

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 61004, Appeal of Western Trading Company, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals
